Robert D. Cook agt. Medad Pomeroy.

---

## SUPREME COURT.

### ROBERT D. COOK agt. MEDAD POMEROY.

On an *appeal* from an *order* overruling a demurrer (not a judgment) the appeal operates *per se* as a *stay of proceedings*. No *undertaking* in such case is required. ( *Of course the order must be considered* APPEALABLE, *and consequently agrees with the next preceding case of Nolton agt. Western R. R. Co.*)

In all actions arising on contract for the payment of money only, (*Code*, § 246, *sub.* 1,) where the complaint is *not verified*, and the defendant fails to answer, an *assessment* or *ascertainment* of the amount for which judgment is to be entered by the clerk is necessary. If on an instrument for the payment of money only, an *assessment* thereon of the amount due; in *other cases*, that is, not on an instrument for the payment of money, but on a contract for the recovery of money only, the clerk must ascertain the amount from the examination of the plaintiff under oath or other proof.

And *notice* of such assessment or ascertainment is indispensable where notice of *appearance* has been given on the part of the defendant before he is in default for not answering.

*Ontario Special Term, August,* 1854. Motion to set aside judgment for irregularity.

The complaint contained two counts or statements of causes of action.    The first count was upon a special contract for the recovery of money only, and the second was upon a general *indebtiatus assumpsit* for services rendered and money paid by the plaintiff for the defendant.    The complaint was not verified. The defendant demurred to the first count, and answered the second.    The demurrer was brought to argument at a special term held in Ontario county in April last before Mr. Justice T. R. STRONG, who overruled the demurrer, and gave the defendant leave to answer on payment of costs.

It appears by the affidavit upon which the motion was founded that on the 22d day of June, 1854, the plaintiff's attorney served upon the defendant's attorney the decision of the court overruling the demurrer, or a copy thereof, which, after stating the title of the cause with the date, &c., proceeded as follows : " There must be judgment for the plaintiff on the demurrer, with leave to the defendant to answer on payment of costs.    Ordered, that the papers be filed, and order on decision entered in Cayuga county.    T. R. STRONG, justice supreme court."

To which was appended a bill of costs on the demurrer, amounting to $30.    That on the 14th of July, 1854, an appeal was taken from the order to the general term.    That the execution of an undertaking upon such appeal was expressly waived by the plaintiff's attorney, with the understanding that such undertaking should be filed at any time thereafter when required on the part of the plaintiff.    That after the argument of the demurrer no paper was served upon the defendant's attorney, except as above stated, until on the 27th day of July last when a notice of taxation of costs and of entry of judgment was served, &c.    That on the 29th of the same month the plaintiff's attorney perfected judgment in the action by filing a judgment roll in the office of the clerk of the county of Cayuga, a copy whereof is annexed to the moving affidavit.    That the judgment was entered without any assessment or notice of assessment of damages for the whole amount claimed in the summons.    That the appeal is still pending and undetermined.

Robert D. Cook agt. Medad Pomeroy.

That no order for judgment upon demurrer has been entered except the final judgment which was entered on the 29th of July last, a copy of which forms a part of the judgment roll. By reference to the judgment roll it appears that the plaintiff entered a *nolle prosequi* as to the second count of the complaint.

On the part of the plaintiff it is shown among other things that on the 22d of June last the plaintiff's attorney served on the defendant's attorney a copy of the decision of the court upon the demurrer and a minute of the items of cost which deponent claimed if defendant intended to answer in accordance with the liberty given to do so in and by the decision. That the plaintiff's attorney then and there had in his hand the original opinion and decision of Judge STRONG, which were together on one piece of paper, and which he gave to and left with the defendant's attorney at his request to examine and copy and afterward return, &c., but which was not returned to plaintiff's attorney until on or about the 27th of July last. The opposing affidavit denies the waiver of an undertaking on the appeal, excepting that one to the amount of $10 was waived, insisting that an undertaking in that sum would be insufficient to have the appeal operate as a stay of proceedings.

DAVID WRIGHT, *for defendant.*
JAMES R. COX, *for plaintiff.*

WELLES, Justice. The omission to enter the order on the decision of the demurrer under the circumstances was not irregular. The defendant by appealing from it has treated it as a subsisting and valid order. Besides, he kept it in his hands until a day or two before the final judgment was entered.

Neither was there any irregularity in the plaintiff's entering a *nolle prosequi* to the second count.

But I think the judgment was irregular for two reasons :—

1. The appeal was pending, which operated as a stay of the plaintiff's proceedings upon the order overruling the demurrer. No undertaking was necessary to give it that effect. It was an appeal from an order, and not from a judgment. I am aware

Robert D. Cook agt. Medad Pomeroy.

this is a somewhat mooted question, but until overruled at general term I shall continue to hold that on an appeal from an order an undertaking is unnecessary to give the appeal the effect to stay the proceedings. (Emerson & Crocker agt. McBurney, 6 *How. Pr. R.* 32, *Code*, §§ 348, 349.)

2. The complaint was not verified, and there should have been notice of assessment of damages before the clerk or of the ascertainment by the clerk of the amount the plaintiff was entitled to recover.

Section 246 of the Code provides for the manner of obtaining judgment in all cases where the defendant fails to answer the complaint. This section contains three subdivisions; the first of which is intended to provide for all cases of judgments in actions arising on contract for the recovery of money only, where the summons has been personally served on all or any of the defendants; the second for all other actions where the summons has been so served; and the third where the service of the summons was by publication.

The first subdivision in the first place contains a general provision, allowing the plaintiff to file with the clerk proof of personal service of the summons and complaint on one or more of the defendants, or of the summons according to the provisions of § 130, and that no answer has been received; and declares that the clerk shall thereupon enter judgment for the amount mentioned in the summons against the defendant or defendants, or against one or more of several defendants in the cases provided for in § 136. Sections 130 and 136, referred to, provide, the former that the complaint need not be served with the summons, &c., and the latter, among other things, for cases where the action is against several defendants, and the summons is served on one or more, but not on all of them.

The first part of the first subdivision of the section under consideration in its description of the class of cases to which it refers is sufficiently comprehensive in terms to embrace all actions arising on contract for the payment of money only, whether the complaint be sworn to or not, and would include the present case, except for the subsequent qualification in the

Robert D. Cook agt. Medad Pomeroy.

same subdivision, in which case no assessment would be necessary, and, as a matter of course, the clerk would be bound to enter judgment for the amount claimed in the summons. The qualification in the first place applies to cases where the complaint is not sworn to, and the action is on an instrument for the payment of money only, and where the clerk, on production of the instrument, is to assess the amount due to the plaintiff thereon. So far it does not reach the present case, which, although the complaint is not sworn to, it is *not on an instrument for the payment of money*. But the subdivision proceeds to provide that in other cases the clerk shall ascertain the amount which the plaintiff is entitled to recover in the action from his examination under oath, or other proof, and enter the judgment for the amount so assessed or ascertained. The question then arises, which are the *other cases* here mentioned? Clearly, as it seems to me, they are cases where the complaint is not sworn to, and the action is *not* on an instrument for the payment of money. In such cases the clerk shall ascertain the amount the plaintiff is entitled to recover, from his examination under oath or other proof, and enter judgment for that amount. By this interpretation the present case is embraced in the terms " other cases." The subdivision then concludes as follows :—

" In case the defendant give notice of appearance in the action he shall be entitled to five days' notice of the time and place of such assessment."

This provision must be understood as applying to all cases where an assessment of the amount due the plaintiff is to be made by the clerk, and where he is to ascertain from the plaintiff's examination under oath or other proof, the amount the plaintiff is entitled to recover. These are all cases where the complaint is not sworn to. This, I believe, is the construction which this subdivision of the section has uniformly received. (King agt. Stafford, 5 *How. Pr. R.* 30; Van Horne, President, &c. agt. Willis & Thomas, *id.* 238; Dix agt. Palmer, *id.* 234; Southworth agt. Curtis, 6 id. 271; Trapp agt. N. Y. & Erie R. R. Co. *id.* 237.)

I am aware the portion of the subdivision requiring the five days' notice uses the words "such *assessment*," and does not in terms include the case of an ascertainment by the clerk through the examination of the plaintiff or other proof of the amount due. But to limit its operation to cases upon an instrument for the payment of money only, would be absurd, and what in my judgment was never intended. It would exclude a very large class of cases where a notice is manifestly necessary and proper; indeed, far more so than in the single case of an action upon an instrument for the payment of money only. Nor is it any violation or forced construction of the language employed, to construe the clause in question as embracing all cases where the action is upon a contract for the recovery of money only, and where the complaint is not sworn to; in other words where there is to be an assessment or ascertainment of the amount in the manner mentioned. Both are in fact ascertainments—both are assessments; and where notice of appearance has been given, and the complaint has not been sworn to, notice of assessment should be given in either case.

The whole of the first subdivision of the section in question relates to actions arising on contract for the payment of money only, where the defendant fails to answer; and its true construction, in my judgment, is, that in such cases, where the complaint is properly verified, notice of assessment or of ascertainment of the amount for which judgment is to be entered by the clerk, is never necessary; and that in all such actions where the complaint is not verified, such notice is indispensable, where notice of appearance has been given on the part of the defendant, before he is in default for not answering; that in the latter class of cases the only difference between an action on an instrument for the payment of money only, and other actions on contract for the recovery of money only, is, that in the one case the clerk shall assess or ascertain the amount due by computation merely, and without proof, and in the other he must determine the amount from evidence, which may be the examination of the plaintiff under oath, or by other proof. The judgment must be set aside with ten dollars costs.